## BARKER *v.* BRINK.

Where a note payable in property or labor, fixes the time of performance, no demand is necessary.

If the indorsement of a property note shows the plaintiff to be the holder when suit is commenced it is sufficient.

### *Appeal from Jones District Court.*

*Opinion by* GREENE, J.   An action on a promissory note promising " thirty-five dollars in stock, to be delivered in Hale township on the first day of November next." Note signed by J. S. Brink and Ezra Martin, and made payable to " Asahel Barker or bearer." Assigned by said. Barker to A. Chaplin, and subsequently re-assigned by Chaplin to Barker.

On the trial, plaintiff offered the note in evidence and rested. Defendant then moved for a nonsuit on the ground that plaintiff had not proved a demand, and because the indorsement on the note did not show it to be the property of the plaintiff at the time it fell due. The motion was sustained, and the plaintiff nonsuited.

This ruling is erroneous. Had there been no time fixed for the performance, or payment of the note, a demand would have been necessary under the Code, § 959. But as the note in this case fixed the time of performance, no demand was necessary.

We can see no objection to the indorsements on the note. They show ownership in the plaintiff at the time suit was commenced. The fact that another may have held the note when it became due, did not preclude the maker from making a tender of the property as authorized by § 960 of the Code.                         Judgment reversed.

*I. M. Preston,* for appellant.

*J. P. Cook,* for appellee.